IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN T. ROBEY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3182 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | MEMORANDUM AND ORDER |
| CORPORATION, as Receiver for | ) | |
| TierOne Bank, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff has moved for partial summary judgment, stating there are no genuine issues as to any material fact and plaintiff is entitled to judgment as a matter of law on her claims for trespass, assault, and violation of the Fair Debt Collections Practices Act.[1] (Filing no. 16). As explained below, material facts are in dispute. The plaintiff's motion will be denied.

STANDARD OF REVIEW

A motion for summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Where the moving party presents evidence to support a judgment as a matter of law, judgment will be granted for the moving party if the opposing party fails to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In ruling on a motion for summary judgment, and deciding whether any facts in dispute are material to the court's determination, the court considers all the nonmovant's evidence to be true and draws justifiable inferences arising from the evidence in the nonmovant's favor. Quinn v. St. Louis County, 2011 WL 3890319, 3 (8th Cir. Sept. 6, 2011); Taylor v. White, 321 F.3d 710, 715 (8th Cir. 2003).

---

[1] The plaintiff has not moved for summary judgment on her fourth claim for recovery, which alleged the defendants violated rights afforded under the Nebraska Consumer Protection Act.

ANALYSIS

As required under this court's local rules, the plaintiff's brief includes a separate statement of material facts with citations to the record, (see NECivR 56.1(a)), and the defendant's brief properly responds to each of plaintiff's factual recitations, (see NECivR 56.1(b)). The defendant's brief also includes additional facts in opposition to the plaintiff's motion. The court has reviewed and verified that each parties' respective statement of facts is supported by the record.

A.  Factual Findings.

The undisputed facts, and the facts to be considered undisputed for the purposes of this motion only, are as follows:

> TierOne Bank provided financing for, and had a security interest in, a tractor purchased by CM Investments, LLC and Dennis T. Robey. The tractor at issue was purchased for resale purposes.
>
> CM Investments, LLC and Dennis T. Robey failed to repay TierOne Bank according to the terms of the loan, and as of March 23, 2010, the loan was in default. At all times relevant, TierOne Bank was a financial institution, was not engaged in the business of collecting debts, did not attempt to collect debts owed to other parties, and did not use a different name for the purpose of collecting money owed to TierOne Bank by its customers.
>
> Plaintiff Dawn T. Robey is the title owner and Dennis T. Robey made the payments for property located at 11080 NW 126th Street, Malcolm, Nebraska, 68402 (the "Property"). On March 23, 2010 and March 29, 2010, there was a 11 inch-by-14 inch "No Trespassing" sign posted on the Property.

Allgood Recovery is a company that specializes in the repossession of collateral. On March 23, 2010, Scott Allgood ("Allgood") went to the Property, saw the "No Trespassing" sign, entered the property, and knocked on the door of the house. The plaintiff, who was home alone, answered the door. Dennis T. Robey never invited or granted permission to TierOne Bank or Allgood to enter the Property, and never gave TierOne Bank or Allgood consent or permission to talk to the plaintiff. The plaintiff was not indebted to TierOne and never purchased or financed a tractor from TierOne.

Allgood spoke to the plaintiff and asked for Dennis T. Robey. Allgood explained that he was sent by TierOne Bank to pick up a tractor to satisfy a debt, asked if the tractor was on the property, and asked to see the tractor and look in the outbuilding on the Property. The plaintiff asked what would happen if the tractor was not repossessed. Allgood told the plaintiff that TierOne Bank could file a replevin action in court and that it was his understanding that in a replevin action, the Sheriff's office is responsible for picking up the collateral. The plaintiff stated that if Scott Allgood did not have a UCC financing statement with him, he should not be there.

She had not invited Allgood to enter or remain on the property, but she never stated that Allgood was trespassing and she never asked him to leave.

After being told he needed a financing statement, Allgood left the Property, parked on the county road near the Property, and called TierOne Bank to inquire as to the UCC financing statement.

On March 29, 2010, Allgood came back to the Property and knocked on the door. He handed the plaintiff a copy of the UCC financing statement for the tractor.

The plaintiff responded by asking Allgood to leave the Property. Allgood complied with the request.

The plaintiff was never threatened with harm or afraid of Allgood, and he did not cause any physical damage to the Property. There was no tractor located on the Property on March 23, 2010 or at any time thereafter.

TierOne has never obtained a judgment against Dennis T. Robey.

B.   <u>Legal Analysis</u>

Summary judgment cannot be granted on plaintiff's claims for trespass, assault, or a violation of the Fair Debt Collection Practices Act. As to each of these claims, factual disputes remain. For example:

-- As to the trespass claim, there are disputed issues of facts regarding whether Allgood was a trespasser or a lawful or permitted entrant on the Property. Terry v. Metzger, 241 Neb. 795, 798, 491 N.W.2d 50, 53 (Neb. 1992).

-- As to the assault claim, there are disputed issues of fact concerning whether the defendant made threats or acted in a menacing manner toward the plaintiff, whether the plaintiff was placed in fear of immediate apprehension or harm, or whether the defendant intended to place the plaintiff in fear of immediate and imminent apprehension or harm. Bergman by Harre v. Anderson, 226 Neb. 333, 337, 411 N.W.2d 336, 339 (Neb.1987); Crouter v. Rogers, 193 Neb. 497, 499, 227 N.W.2d 845, 847 (Neb. 1975).

-- As to the claim for recovery under the Fair Debt Collection Practices Act, there are disputed issues of fact regarding whether the defendant attempted to collect

a debt by harassing, oppressing and abusing the plaintiff; using unfair and unconscionable means; using false, deceptive or misleading representations; using threats and intimidation; or threatening to take action that it could not legally take. 15 U.S.C.A. § 1692e .

Issues of fact cannot be resolved by summary judgment.

Accordingly,

IT IS ORDERED that the plaintiff's motion for partial summary judgment, (filing no. 16), is denied.

DATED this 14th day of September, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.