# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN T. ROBEY, | ) | Case No.: 4:10CV3182 |
| Plaintiff, | ) ) ) | **ORDER ON FINAL** |
| v. | ) ) | **PRETRIAL CONFERENCE** |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for TierOne Bank, | ) ) ) ) | |
| Defendant. | ) ) | |

A final pretrial conference was held on the 10th day of October, 2011. Appearing for the parties as counsel were Jason M. Bruno on behalf of Plaintiff and Brian Koerwitz on behalf of Defendant:

**(A)** **Exhibits.** See attached Exhibit List.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

Plaintiff, Dawn T. Robey ("Dawn") resides at 11080 Northwest 126th Street, Malcolm Nebraska 68402 ("the Property).

Dawn Robey is the record owner of the Property.

On March 23, 2010 and March 29, 2010, there was a "no trespassing sign" posted on the Property.

On and after March 22, 2010, Dawn was not indebted to TierOne Bank and never purchased or financed a tractor from TierOne Bank.

TierOne Bank has never obtained a judgment or ruling from any Court against Dennis T. Robey in relation to a tractor or repossession of a tractor.

Dennis T. Robey never gave TierOne Bank or Defendant permission to contact Dawn.

Scott Allgood did not cause any physical damage to the Property.

**(C)** **Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

Whether Defendant committed a trespass on March 23, 2010.

Whether Defendant committed a trespass on March 29, 2010.

Whether Dawn Robey was assaulted on March 23, 2010.

Whether Defendant violated the Fair Debt Collection Practices Act.

Whether Defendant Dawn Robey is entitled to actual damages suffered, nominal damages, $1,000.00 of statutory damages, costs, or reasonable attorney fees.

Whether any trespass by Scott Allgood was privileged. (Plaintiff will be submitting a brief on or before October 18, 2011 regarding whether this claim is an affirmative defense)

Whether Plaintiff suffered any damages to the extent there was a trespass.

Whether Plaintiff suffered any damages to the extent there was an assault.

Whether the Plaintiff suffered any damages as a result of any violation of the Fair Debt Collection Practices Act.

Whether TierOne Bank is a debt collector.

Whether Allgood Recovery is a debt collector.

Whether Scott Allgood was an agent of TierOne Bank.

Whether TierOne Bank had a security interest in a tractor that was purchased by CM Investments, LLC and Dennis Troy Robey and for which TierOne Bank provided the financing.

Whether the tractor was purchased by CM Investments, LLC, and Dennis Troy Robey for resale purposes.

Whether the Plaintiff's claims for violation of the Fair Debt Collection Practices Act are frivolous, and if so, whether Defendant is entitled to recover attorney's fees from the Plaintiff.

**(D)  Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

[List names and complete addresses of all persons who will testify in person only. Such list shall identify those witnesses the party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, each witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived.]

Dawn Robey
11080 Northwest 126th Street
Malcolm, Nebraska 68402
Will Call and Be Present

Dennis T. Robey
11080 Northwest 126th Street
Malcolm, Nebraska 68402
May Call if the Need Arises

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Scott Allgood
621 W. Jennifer Drive
Lincoln, NE  68521

Todd McCain
1001 Mulder Dr.
Lincoln, NE  68510

Dennis T. Robey
11080 Northwest 126th Street
Malcolm, Nebraska 68402

The Defendant expects these witnesses to be present at trial and expects to call them to testify.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)  Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

Jason M. Bruno will offer an affidavit to verify costs and attorney fees incurred by Dawn. Jason M. Bruno is an attorney licensed to practice law and in good standing in the states of Nebraska, Arizona, Minnesota and Texas, the United States District Court for the District of Nebraska, the United States Tax Court, and the United States District Court for the District of Arizona.

Experts to be called by defendant and their qualifications are:

[Same instructions as above.]

**(F)  Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Plaintiff and Defendant suggest Court voir dire followed by attorney voir dire. (20 minutes by each attorney).

**(G)  Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 9 members.

**(H)  Verdict.** The parties will not stipulate to a less-than-unanimous verdict.

4

**(I)     Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs, proposed jury instructions, and proposed findings of fact shall be filed four (4) working days before the first day of trial.

**(J)     Length of Trial.**  Counsel estimate the length of trial will consume not less than ½ day, not more than 1 day, and probably about ½ day.

**(K)     Trial Date.**  Trial is set for November 10, 2011.


/s/ Jason M. Bruno
Jason M. Bruno, No. 23062
Sherrets Bruno & Vogt, LLC
260 Regency Parkway Drive, #200
Omaha, NE  68114
Telephone: 402-390-1112
Facsimile: 402-390-1163
jbruno@sherrets.com
Attorney for Plaintiff

/s/ Brian S. Koerwitz
Brian S. Koerwitz, No. 23655
Attorney for Defendant
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, NE  68508
Telephone:  402-437-8500
bkoerwitz@woodsaitken.com

                                                  BY THE COURT:

                                                  s/Cheryl R Zwart
                                                  US Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| DAWN T. ROBEY, | ) |
|---|---|
| Plaintiff, | ) EXHIBIT LIST ) ) |
| v. | ) ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for TierOne Bank, | ) ) ) ) |
| Defendant. | ) |

Case No.: 4:10CV3182

Trial Date(s): November 10, 2011

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| 1 | | | Affidavit of Jason M. Bruno | | | | | |
| 2 | | | Deed of the property | | | X | | |
| 3 | | | Affidavit of Todd McCain | | | X | | |
| | 101 | | Retail Installment Contract and Security Agreement | | R | | | |
| | 102 | | UCC Financing Statement | | R | | | |
| | 103 | | Proof of Claim | | R | | | |